Joseph M. HENNESSEY

v.

Charles H. ZIMMERMAN, S.C.I.G. Superintendent and Leroy S. Zimmerman, Attorney General of Pa.

Civ. A. No. 84–6225.

United States District Court, E.D. Pennsylvania.

Aug. 15, 1986.

Pamela P. Cohen, Swenson & Cohen, Philadelphia, Pa., for petitioner.

Robert E. Goldman, Chief Deputy Dist. Atty., Doylestown, Pa., for respondents.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This is an action brought pursuant to 28 U.S.C. § 2254 by petitioner, Joseph M. Hennessey, a state prisoner incarcerated at the State Correctional Institution at Graterford, Pennsylvania, who is serving a sentence of life imprisonment imposed following his conviction for the first degree murder of Bensalem Police Officer James Armstrong. Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because of a conflict of interest. The case was referred to the Administrative Magistrate for a report

and recommendation. On February 6, 1986, the Administrative Magistrate filed a report and recommendation that the petition be denied without an evidentiary hearing. Although it appeared that the Administrative Magistrate's report and recommendation were correct, because of the ethical issues involved, the court held an evidentiary hearing on May 1, 1986. Following the evidentiary hearing, the court now denies the petition for a writ of *habeas corpus*.

■■■■ Before a writ of *habeas corpus* can be considered, the applicant must have exhausted the state remedies available. Petitioner has raised the claim that he was denied effective assistance of trial counsel because of a conflict of interest both on direct appeal to the Supreme Court of Pennsylvania from the trial court conviction and in proceedings pursuant to the Post-Conviction Hearing Act (PCHA). Therefore, petitioner has exhausted the state remedies available so that the court now addresses the merits of his claim.

Following the murder of Officer Armstrong on April 15, 1975, petitioner fled the jurisdiction with Sheila Carr. Petitioner was arrested on May 7, 1975. Petitioner was represented by Joseph Santaguida, Esquire. Thereafter, Ms. Carr turned herself in and was charged with harboring a fugitive and other related charges. Mr. Santaguida also represented Ms. Carr, in this separate but related criminal action.

Petitioner contends that because his counsel also represented Ms. Carr, the lawyer did not call her to testify at his trial in order to protect her. Petitioner alleges that she would have testified to his mental condition before and after the murder and stated that he was intoxicated by drugs and/or alcohol and lacked the capacity requisite for conviction of first degree murder.

The state contends that Mr. Santaguida's failure to call Ms. Carr as a witness was not because he had a conflict of interest but because she would have damaged petitioner's case by testifying and any defense that petitioner acted with diminished capacity would have been inconsistent with petitioner's denial that he was responsible for the homicide and his claim that he was identified in error.

■■■■ The Supreme Court, interpreting the Sixth Amendment guarantee of right to counsel, has recognized that "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 1449 n. 14, 25 L.Ed.2d 763 (1970). The right to effective assistance of counsel is comprised of two correlative rights: the right to counsel of reasonable competence and the right to counsel of undivided loyalty. *Government of the Virgin Islands v. Zepp*, 748 F.2d 125, 131 (3d Cir.1984). In *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court stated the standards for judging claims of ineffective assistance of counsel and differentiated between counsel's duty to perform competently and counsel's duty to avoid conflicts of interest.

■■■■ Where ineffective assistance of counsel is based on deficient performance by trial counsel, the convicted defendant must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense. To satisfy prong one, the defendant must overcome "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" (citation omitted) *Id.* at 689–90, 104 S.Ct. at 2065–66. To satisfy prong two, the defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694, 104 S.Ct. at 2068.

■■■■ But where an ineffective assistance of counsel is based on conflict of interest, prejudice is presumed if the defendant demonstrates that: (1) counsel ac-

tively represented conflicting interests and (2) an actual conflict of interest adversely affected his lawyer's performance. *Id.* at 696, 104 S.Ct. at 2069 (reaffirming *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). "An actual conflict of interest is evidenced if during the course of representation, the defendants' interests diverge with respect to a material factual or legal issue or to a course of action.... This conflict must cause some lapse in representation contrary to defendant's interests but such lapse need not rise to the level of actual prejudice." *United States v. Gambino,* 788 F.2d 938, 951 (3d Cir. 1986). The possibility of a conflict of interest is insufficient to impugn a criminal conviction. A potential conflict of interest inheres in almost every instance of multiple representation; therefore, the presumption of prejudice does not apply unless the conflict is actual. *Cuyler v. Sullivan,* 446 U.S. at 350, 100 S.Ct. at 1719.

■ At this court's hearing, Mr. Santaguida testified that the district attorney had offered to drop all charges against Ms. Carr if she were to testify against petitioner. According to Mr. Santaguida, Ms. Carr told him that petitioner had admitted to her he had committed the robbery and murder for which he was charged. Ms. Carr corroborated this. It is clear that Ms. Carr's testimony would have been highly prejudicial to petitioner and Mr. Santaguida knew it. Mr. Santaguida testified that he told Ms. Carr that the state's case against her was weak so that it was not necessary for her to testify against petitioner. Ms. Carr trusted Mr. Santaguida (in part because of the friendship between Mr. Santaguida's secretary and Ms. Carr's family) and followed his recommendation. Ms. Carr did not cooperate, went to trial and was acquitted of all charges.

Mr. Santaguida was in a position of conflict of interest that was both actual and avoidable. But this conflict of interest did not adversely affect petitioner. It was reasonable for counsel not to call Ms. Carr on petitioner's behalf. Ms. Carr's testimony could have aided the conviction of petition-er if his admissions to her were elicited on cross-examination.

The Commonwealth's case against petitioner was entirely circumstantial. There were no eye witnesses to the crime. Consequently, Mr. Santaguida contended vigorously that defendant was not involved and had been misidentified. Ms. Carr's testimony that petitioner's actions were attributed to his diminished mental capacity from excessive use of alcohol and drugs at the time would have been inconsistent with the defense of misidentification.

Petitioner testified at the hearing on the petition that his wife was aware of his alcohol and drug abuse prior to the homicide so that she also could have testified as to his physical and mental state at the time. But Mrs. Hennessey was not called at trial for this purpose either; this suggests that Mr. Santaguida's decision not to call Ms. Carr was a tactical decision based on the exigencies of trial not the result of impermissible dual representation.

Pennsylvania law did not permit the defense of temporary insanity defense until December 15, 1982, 18 Pa.C.S.A. § 315. The robbery and murder occurred on April 15, 1975, so that at the time of trial testimony regarding petitioner's state of mind as a result of alcohol and/or drug abuse at the time of murder if believed would not result in an acquittal. Again, that suggests good reason not to call Ms. Carr or Ms. Hennessey. Mr. Santaguida intentionally did not call Ms. Carr to testify because he did not believe it would help petitioner. In counsel's judgment her testimony would not have aided petitioner's acquittal and could have undermined petitioner's defense of misidentification. Thus, although there was an actual conflict of interest, it did not adversely affect the performance of petitioner's criminal trial counsel.

■ Although the petition for a writ of *habeas corpus* rests solely on the ground that counsel's conflict of interest denied petitioner effective assistance of counsel, much of petitioner's testimony at the hearing alleged deficient performance as well. Petitioner testified that he believed that

Mr. Santaguida should have pursued the defense of diminished capacity. But this defense was not available to petitioner at the time of his trial and, in any event, would have undermined the defense of misidentification. Because the Commonwealth's case against petitioner was entirely circumstantial the decision to pursue the defense of misidentification was not unreasonable trial strategy. The petition will be denied. There is no probable cause for appeal.